IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

ROGER DAIL COPELAND,

                Plaintiff,

        v.                      Case No. 3:21-cv-00262-SLG-KFR

SUPERIOR COURT JUDGE
PHILLIP VOLLAND,

                Defendant.

**REPORT & RECOMMENDATION**[1]

On December 2, 2021, Roger Dail Copeland, a self-represented prisoner (hereinafter "Plaintiff"), filed a Prisoner's Complaint under the Civil Rights Act, 42 U.S.C. § 1983, along with a civil cover sheet and Prisoner's Application to Waive Prepayment of the Filing Fee.[2]

---

[1] Under 28 U.S.C. § 636(b)(1), a District Court may designate a magistrate judge to hear and determine any pretrial matter pending before the Court. Under the same provision, a district court judge may reconsider any pretrial matter where it has been shown the magistrate judge's order is clearly erroneous or contrary to law. Within fourteen days after being served with a copy of a magistrate judge's order, any party may serve and file written objections. Objections and responses shall not exceed five (5) pages in length and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. A District Court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment. See *Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

[2] Dockets 1–3.

The Court now screens Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A and recommends this action be **DISMISSED WITH PREJUDICE.**

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner. In this screening, a court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[3]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[4] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[5] Before a

---

[3] 28 U.S.C. § 1915A.

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[5] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

Report & Recommendation
*Copeland v. Volland*
3:21-cv-00262-SLG-KFR

court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[6] Futility exists when the "allegation of other facts consistent with the challenged pleading could not possibility cure the deficiency[.]"[7]

## DISCUSSION

### I. Complaint

Plaintiff alleges that on September 14, 2009, Defendant Volland violated his right to due process by denying his request for appeal.[8] Plaintiff alleges that during a court hearing, he expressed a "verbal intent to file an appeal."[9] Plaintiff further alleges that Defendant Volland stated, "I currently sit on the appeals panel so I'm denying your request for appeal," and later stated, "if you don't like my decision then sue me."[10] Plaintiff asserts that these actions created a conflict of interest and a violated his right to appeal.[11] For relief, Plaintiff requests (1) $100,000.00 in damages; (2) $10,000.00 in

---

[6] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).
[7] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).
[8] Docket 1 at 3.
[9] Docket 1 at 3.
[10] Docket 1 at 3.
[11] Docket 1 at 3.

punitive damages; (3) an order vacating the judgment; and (4) a declaration that the "judgment is void."[12]

The Court takes judicial notice of Plaintiff's referenced state criminal matter, *State of Alaska v. Roger Dail Copeland, Sr.*, Case No. 3AN-07-09824CR.[13] Alaska Superior Court Judge Volland presided over this action from Plaintiff's Superior Court arraignment through sentencing.[14] In that case, the State of Alaska charged Plaintiff with six counts of sexual abuse and sexual assault of a minor.[15] After a jury trial, Plaintiff was convicted of two felony counts relating to the sexual abuse of a minor.[16]

## II. Civil Rights Claims Under 42 U.S.C. § 1983

42 U.S.C. § 1983 permits an individual to sue for a violation of constitutional or civil rights in federal court. 42 U.S.C. § 1983 is a federal statute that "is not itself a source of substantive rights," but provides "a

---

[12] Docket 1 at 5.
[13] *See supra* note 8; *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.
[14] *State of Alaska v. Roger Dail Copeland, Sr.,* Case No. 3AN-07-09824CR, see docket generally.
[15] *State of Alaska v. Roger Dail Copeland, Sr.,* Case No. 3AN-07-09824CR, Party Charge Information, Counts 1–6.
[16] *State of Alaska v. Roger Dail Copeland, Sr.,* Case No. 3AN-07-09824CR, Party Charge Information, Counts 1–2; *see also* Event Entry 07/24/2009 "Sentencing: Superior Court, Case Disposed."

method for vindicating rights [found] elsewhere."[17] To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must "plead that (1) defendants acting under color of state law (2) deprived plaintiff of rights secured by the federal Constitution or federal statutes."[18]

A defendant has acted under color of state law where he or she has "exercised power 'possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[19] Additionally, a defendant must be eligible for suit.

A state court judicial officer is a state actor. However, "[j]udges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."[20] Moreover, judicial immunity extends to preclude prospective injunctive relief against a state

---

[17] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).
[18] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).
[19] *West*, 487 U.S. at 49 (internal citations omitted); *see also Tongol v. Usery*, 601 F.2d 1091, 1097 (establishing that when state officials are administering a federal funded program, the state officials are still acting under the color of state law).
[20] *Ashelman v. Pope*, 793 F.2d 1072, 1075-76 (9th Cir. 1986) (citations omitted) (in determining if an action is judicial, courts focus on whether "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity."). "These factors are to be construed generously in favor of the judge and in light of the policies underlying judicial immunity." *Ashelman*, 793 F.2d at 1076.

court judge for acts or omissions made in that judge's official capacity.[21] This judicial immunity is immunity from lawsuit, not just from ultimate assessment of damages, and it cannot be overcome by allegations of bad faith or malice.[22]

Defendant Volland is a judicial officer in the Alaska Superior Court and was the presiding judge in Plaintiff's state court criminal matter. Plaintiff's Complaint seeks damages and injunctive relief due to the alleged statements made by Defendant during a court hearing. The alleged judicial ruling by Judge Volland denying Plaintiff's appeal about which Plaintiff complains, and Judge Volland's comments related to that ruling, were acts performed by Judge Volland in his official capacity as a judicial officer. Defendant Volland is therefore immune as a matter of law and cannot be sued under 42 U.S.C. § 1983.

## CONCLUSION

Plaintiff fails to plead the requirements of a civil rights action under 42 U.S.C. § 1983 and therefore fails to state a claim upon which relief may be

---

[21] 42 U.S.C. § 1983.
[22] *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

granted. No defendant may be substituted under these facts; therefore, amendment is futile.[23]

**IT IS THEREFORE RECOMMENDED:**

1. This action should be **DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief may be granted and the futility of amendment.

2. All pending motions should be **DENIED AS MOOT**.

3. A dismissal under these circumstances should be a strike as required by 28 U.S.C. § 1915(g) and *Lomax v. Ortiz-Marquez, et al.*, 590 U.S. ___, 140 S.Ct. 172 (2020).[24]

4. The Clerk of Court should issue a final judgment.

DATED this 8th day of March, 2022 at Anchorage, Alaska.

*Kyle F. Reardon*
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

---

[23] *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

[24] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."